J-S11038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MATTHEW MILLER, | : | |
| | : | |
| Appellant | : | No. 1510 EDA 2015 |

Appeal from the Judgment of Sentence March 30, 2015
in the Court of Common Pleas of Bucks County,
Criminal Division, No(s): CP-09-CR-0005278-2014

BEFORE: FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 19, 2016**

Matthew Miller ("Miller") appeals from the judgment of sentence imposed following his convictions of one count each of attempted homicide, robbery of a motor vehicle, possession of an instrument of crime, theft by unlawful taking or disposition, resisting arrest, and two counts of aggravated assault.[1]  We affirm.

The trial court stated the following relevant facts:

> On June 10, 2014, Bensalem Police were made aware of [Miller's] escape from a work-release prison.  An e-mail was circulated which alerted officers and provided a picture of [Miller].  Shortly after this circulation, Officer Aaron Woelkers [("Officer Woelkers")] of Bensalem Township spotted [Miller] near Woodhaven Road.  Officer Woelkers noted that [Miller] was accompanied by another individual and sent an alert to on-duty personnel.
>
> Officer Michael Jachimski [("Officer Jachimski")] responded to Officer Woelkers' alert and quickly spotted [Miller].  After

---

[1] 18 Pa.C.S.A. §§ 901, 2501(a); 3702; 907(a); 3921(a); 5104; 2702(a)(1), (2).

visually identifying [Miller], [Officer] Jachimski initiated a pedestrian stop along Woodhaven Road in Bensalem Township. Following a brief conversation with the officer, [Miller] falsely identified himself as "Mike" Miller.

Although initially cooperative with Officer Jachimski, [Miller] became combative once [Officer] Jachimski attempted to handcuff him. [Miller] refused to allow Officer Jachimski to place him in custody and assumed a fighting position. [Miller] attempted to punch [Officer] Jachimski's upper body multiple times before fleeing.

[Miller] first fled from [Officer] Jachimiski before turning and running toward the officer's police car. [Miller] attempted to enter the vehicle, which was running, and [Miller] and Officer Jachimski once more became entangled in a physical struggle. In addition to striking [Officer] Jachimski, [Miller] also attempted to push him onto a roadway where traffic was passing.

Eventually the struggle between [Miller] and [Officer] Jachimski escalated and [Miller] brandished a knife. The knife was approximately nine-inches in length when the blade was extended. [Miller] attempted to stab Officer Jachminski multiple times before [Miller] struck him with the knife in the abdomen. Officer Jachminski was uninjured by the strike because of the protective vest that he was wearing. After stabbing [Officer] Jachminski, [Miller] entered the police car and fled the scene at a high rate of speed.

Following [Miller's] theft of his vehicle, Officer Jachimski notified other police personnel of [Miller's] flight. Within minutes of commandeering Officer Jachimski's police vehicle, [Miller] abandoned it in a strip mall and ran toward a school in Philadelphia County. During his flight[,] [Miller] attempted to conceal himself by discarding various items of clothing. [Miller] was apprehended shortly thereafter without further physical confrontation by Detective David Nieves and Corporal Todd Shapiro of the Bensalem Township Police Department.

Trial Court Opinion, 7/30/15, at 2-3 (citations omitted).

On January 5, 2015, after a two-day bench trial, the trial court found

Miller guilty of the above-mentioned crimes. On March 30, 2015, the trial

- 2 -

court sentenced Miller to nine and one-half years to twenty years for the attempted homicide, three and one half years to seven years for the robbery of a motor vehicle, and one year to four years for the possession of an instrument of crime, each to be served consecutively.[2] Thereafter, Miller filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Miller raises the following question for our review: "Was the evidence sufficient to support the verdict for attempted homicide?" Brief for Appellant at 4.

Miller argues that the evidence did not establish that he had a specific intent to kill and did not evince a substantial step towards the commission of an attempt to kill. *Id.* at 10-14. Miller argues that the struggle between him and Officer Jachimski was brief, he never verbally threatened the officer, and that he acted out of panic and not with a specific intent to kill Officer Jachimski. *Id.* at 13; *see also id.* at 14 (wherein Miller contends that pushing Officer Jachimski into traffic did not evidence specific intent to kill, but that his actions were an attempt to free himself). Miller additionally contends that he did not continue to attack but fled in the police car. *Id.* at

---

[2] Miller pled guilty to an escape charge at a separate criminal information on November 14, 2014, receiving a sentence of eighteen months to forty-eight months in prison. This sentence was to run consecutively to the March 30, 2015 sentence. The trial court did not impose sentences for the aggravated assault, theft by unlawful taking of a motor vehicle, and resisting arrest convictions.

12. Miller also asserts that physical evidence demonstrates that his knife barely penetrated Officer Jachimski's protective vest, and that there was no evidence indicating Officer Jachimski fell to the ground or was injured as a result of the blow. *Id.* Miller contends that Fredrick Wendling, a firearm and tool mark examiner called by the defense, described the hole in the outer material of the vest as small, and testified that there was no penetration of the armor itself. *Id.* at 12-13. Miller claims that the Commonwealth presented no evidence of a hole or tear in the shirt worn underneath the vest. *Id.* at 13.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901. "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." *Id.* § 2501(a).

> A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. . . [T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]

*Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa. Super. 2008) (citations and quotation marks omitted).

The use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill. *See Commonwealth v. Rivera*, 773 A.2d 131, 135 (Pa. 2001); *see also Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa. Super. 2005) (stating that appellant's use of a deadly weapon, a knife, to inflict injuries to the victim's head, stomach, and neck, was sufficient to prove a specific intent to kill). This Court has held that a specific intent to kill can be inferred from the circumstances surrounding an unlawful killing. *See Robertson*, 874 A.2d at 1207.

Officer Jachimski testified that while attempting to take Miller into custody, Miller attempted to punch Officer Jachimski's upper body multiple times before fleeing. N.T., 1/5/15, at 40. Officer Jachimski also testified that Miller lunged at him with a nine-inch knife, and attempted to stab him multiple times before Miller stabbed him with the knife in the lower stomach area. *Id.* at 43-47. Officer Jachimski testified that when stabbed, he felt like he was punched in the stomach. *Id.* at 47. Miller's expert testified that Officer Jachimski's body armor "overperformed" during the stabbing. N.T., 1/7/15, at 22. Furthermore, Officer Jachimski testified that while entangled in a physical struggle, Miller attempted to push him into a traffic lane where vehicles were passing. N.T., 1/5/15, at 52.

Here, the Commonwealth presented sufficient evidence that Miller had a specific intent to kill Officer Jachimski and took a substantial step toward that goal. *See* 18 Pa.C.S.A. §§ 901, 2502; *see also Jackson*, 955 A.2d at 444. Indeed, Miller attempted to use a deadly weapon on a vital part of Officer Jachimski's body when Miller used a knife to stab Officer Jachimski in the abdomen. *See* Trial Court Opinion, 7/30/15 at 5-9; *see also Commonwealth v. Briggs*, 12 A.3d 291, 307 (Pa. 2011) (stating that the chest and abdomen are vital areas of the body). Thus, the evidence is sufficient to prove that Miller attempted to murder Officer Jachimski. *See Robertson*, 874 A.2d at 1207.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016